[No. 26154. ·Department Two.  July 6, 1936.]

H. E. FOSTER, *Respondent*, v. ANTHONY GRAHAM, *Appellant.*[1]

*Revelle, Simon & Coles*, for appellant.

*H. E. Foster*, for respondent.

BLAKE, J.—This is an action by an attorney to recover a fee for services rendered under an express contract. Plaintiff alleged that he was employed by defendant to recover $5,800 from certain people by whom defendant claimed to have been defrauded and damaged in that amount. Plaintiff alleged that defendant agreed to pay him for services to be rendered a retainer of seventy-five dollars and one-third of any amount recovered. It is admitted that a settlement was effected, whereby the defendant herein realized $1,300. Defendant, however, alleged that Foster did not effect the settlement, and performed no service of value. Defendant alleged that his contract with Foster called for the bringing and successful consummation of a suit against the parties referred to; that a fee of five hundred dollars was agreed upon, to be paid "when said suit had been consummated and recovery had thereon;" that seventy-five dollars had been paid on account of such fee and expenses of suit.

On these issues, the case was tried to the court. The court found the agreement to be that plaintiff should receive one-third of the amount recovered; that, at the request of defendant, plaintiff

[1]Reported in 59 P. (2d) 293.

effected a settlement, whereby defendant received $1,300; that plaintiff had received seventy-five dollars on account. Judgment was accordingly entered in favor of plaintiff in the sum of $358. Defendant appeals.

Appellant apparently does not question the sufficiency of the evidence to sustain the finding that the contract called for a contingent fee of one-third of the amount recovered. Nevertheless, we have examined the record with that question in mind. We are satisfied that there is ample evidence to support the finding.

The burden of appellant's argument seems to be that respondent had nothing to do with effecting the settlement from which the $1,300 was realized, and that respondent was dilatory in pressing appellant's claims against the parties who had wronged him. As to the former contention, the trial court found, on conflicting evidence, that respondent did effect the settlement. We think the finding is supported by a preponderance of the evidence. As to the latter (dilatoriness), the court made no specific finding. By implication, however (in finding that respondent had rendered services entitling him to the fee agreed upon), the court found respondent reasonably diligent. With this conclusion we agree, for we find no evidence from which it could be reasonably inferred that anything could have been done by respondent to bring about a more advantageous settlement or better result than that which was effected.

Judgment affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.